IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-64,396-01






EX PARTE JAIME MUNOZ CANALES, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

CAUSE NO. CR-2601-00-H IN THE 389TH DISTRICT COURT

HIDALGO COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of one count of aggravated sexual assault of a child and two counts
of indecency with a child. He was sentenced to confinement for seven years for each count. 
No direct appeal was taken.

 Applicant contends that he is actually innocent. The trial court has entered findings
of fact or conclusions of law finding that Applicant's claim is without merit. However, we
do not believe that those factual findings are sufficient to completely resolve the issues
presented. Because Applicant has stated facts requiring resolution and because this Court
cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution of those issues. The trial court shall resolve those issues as set out in Tex. Code
Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories
from the complainant, or it may order a hearing. In the appropriate case the trial court may
also rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether the complainant's
recantation is credible and whether Applicant is actually innocent. The trial court shall also
make any further findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within 90 days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 3RD DAY OF MAY, 2006.




EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.